BOWKER *versus* PORTER *&* als.

The jurisdiction of justices of the peace and quorum in hearing a poor debtor's disclosure must appear from the record of their proceedings.

Thus, a certificate by such justices that a poor debtor made a disclosure and they administered to him the oath required, on a day named, and that *such hearing* before them was in pursuance of a *previous adjournment* without certifying any time from which such adjournment was had, is invalid.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

This is an action of debt, on a poor debtor's relief bond.

The defence was that he took the oath prescribed by law within the six months mentioned in the bond.

By the records the creditor was cited *to hear the disclosure* on the 17th June, 1852. The disclosure was on 22d of same June.

The counsel for the creditor testified that he appeared when and where the plaintiff was cited, and that the debtor did not appear on that day.

James O'Donnell and J. Pierce, jr., were the magistrates before whom the disclosure was taken.

The copy of the record, certified by Justice O'Donnell alone, stated that on the *eighteenth* day of June, 1852, the debtor presented the citation, in due form and duly served and returned, and that the debtor was then and there ready and willing to make a full disclosure, and the creditor neglecting to appear and select a justice, he (O'Donnell) adjourned the hearing for twenty-four hours, when Josiah Pierce, jr., a justice of the peace and quorum, was returned

on said citation by the officer and he accordingly appeared and acted in concert with the said justice.

The other copy of record was under the hands and seals of said O'Donnell and Peirce as justices of the peace and quorum, and stated the examination of the debtor and that they administered the oath to him required.

A portion of the record was as follows: — "Cumberland ss. On the twenty-second day of June, A. D. 1852, *pursuant to previous adjournment," &c.*

On so much of the testimony as was admissible, the Court were authorized to determine the rights of the parties by nonsuit or default; if by default, the defendants to be heard in damages.

*Bradbury & Morrill,* for defendants.

The justices' certificate is conclusive as to notice, and evidence to contradict it is inadmissible. *Baker* v. *Holmes,* 27 Maine, 153.

The certificate and record of justices show that all the statute requirements have been complied with and cannot be contradicted by evidence *aliunde. Clement* v. *Wyman,* 31 Maine, 52.

*S. Lancaster* and *A. Gile,* for plaintiff.

Nothing is to be presumed in favor of the jurisdiction of these justices. *State* v. *Hartwell,* 35 Maine, 129; *Libby* v. *Main,* 2 Fairf. 344; *Granite Bank* v. *Treat,* 18 Maine, 340.

There is no evidence, that the *two* justices acted at all until the 22d of June, and then *they* had no jurisdiction; the record shows none.

The parol evidence is admissible to show want of jurisdiction and also to show *fraud* which vitiates proceedings of courts of justice. 2 Starkie on Ev. 587.

APPLETON, J. — That the authority of inferior magistrates to act, must appear from the record of their proceedings, and that nothing is to be presumed in favor of their jurisdiction, are familiar and well settled principles of law.

From the record before us, bearing date June 18, 1852, it appears that the debtor appeared on that day to disclose, and "the creditor having neglected to appear, by himself or attorney, to select a justice of the peace and quorum to hear said Porter's disclosure, the undersigned, a justice of the peace and quorum, residing in Portland, in the county of Cumberland, appointed by said debtor, adjourned the hearing of said disclosure for the space of twenty-four hours, when Josiah Pierce, jr., a justice of the peace and quorum, was returned on said citation by an officer, to wit: R. A. Bird, deputy sheriff, to attend in behalf of said Bowker, and hear said disclosure; and he accordingly did appear and acted in concert with the undersigned." This is signed by the magistrate chosen by the debtor. What the magistrate thus appointed did in concert with the one selected by the debtor is not disclosed, nor is any adjournment stated to have been made by them jointly or severally.

From the certificate of the magistrates, it seems that they met and heard the disclosure of the debtor on the 22d of June, but, from aught that appears, they might as well have met on any other day. There is no day from which the adjournment was had to the day of the disclosure. No authority for the magistrates to meet on that day is shown, and without proof of such authority, they could have had no jurisdiction. The disclosure consequently can afford no defence.

*Defendants defaulted. — To be heard in damages.*